**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RICKY McCLOUD** | **CIVIL ACTION** |
| **VERSUS** | **NO.  09-0121** |
| **DETECTIVE WANDA JARUS, D.A. JOEY OUBREY, JUDGE MARTIN E. COADY, DENNY LYNCH, ST. TAMMANY PARISH, JACK STRAIN, JR.** | **SECTION  "J"(4)** |

**REPORT AND RECOMMENDATION**

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual Summary**

The plaintiff, Ricky McCloud ("McCloud"), is a prisoner presently housed in the Madison Parish Detention Center in Tallulah, Louisiana.  He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Detective Wanda Jarus of the Slidell Police Department, St. Tammany Parish District Attorney Joey Oubrey, St. Tammany Parish District Judge Martin E. Coady, Penny Lynch, St. Tammany Parish, and St. Tammany Parish Sheriff Jack Strain, Jr.

In his original and amended complaints,[1] McCloud alleges that he was falsely arrested on

---

[1]Rec. Doc. Nos. 1, 4.

April 27, 2006, in Atlanta, Georgia, on a fugitive warrant from St. Tammany Parish, related to false charges of sexual battery. He was eventually booked in St. Tammany Parish on May 18, 2006.

He further alleges that, at the time, he was employed by Blunt Wrap Records earning $5,000 a month and was recording a new album in Atlanta. He complains that he and Blunt Wrap records lost hundreds of thousands of dollars on the album sales and touring shows as a result of the arrest. He also alleges that he lost a two story house he was leasing to purchase. He also claims that he lost his Mercedes Benz, furniture, his wife, and other possessions. He was also receiving $2,500 a month from FEMA because he was in Atlanta after evacuating for Hurricane Katrina.

McCloud alleges that he was eventually brought to trial on November 26, 2007, and was found not guilty of the sexual battery charge. He now requests $3 million in damages for slander, wrongful imprisonment, denial of due process and fundamental fairness, loss of his contract with the record company, emotional distress, pain and suffering, and lost earnings.

McCloud also indicates that he requests that a public acknowledgment be made disclosing the bias of Joey Oubrey and Judge Coady, who revoked his bond when he was not a flight risk. He has named Detective Jarus because she allegedly filed a false affidavit about the charge to obtain the warrant for his arrest. He sued Penny Lynch for making the false allegations against him.

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d

114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.  Improper Defendants

### A.  Judge Martin E. Coady

McCloud has named as a defendant Judge Martin Coady, the judge who presided over his criminal proceedings in St. Tammany Parish.  The Judge is immune from suit of this nature.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face.  *See Mireles v. Waco*, 502 U.S. 9, 10 (1991).  In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter.  *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings. *Mays,* 97 F.3d at 110-11. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 111 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further citation omitted)).

In addition, the Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983 (2006). Thus, injunctive relief is not available against a judge in his role as a judicial officer individually or in his official capacity. *Guerin v. Higgins*, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. Apr. 11, 2001) (unpublished); *Nollet v. Justices of the Trial Ct. of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief).

To the extent McCloud intended to name Judge Coady in his official capacity, he would not be a "person" for purposes of § 1983. *Will*, 491 U.S. at 58. Instead, suit against the Judge in his official capacity would be considered suit against the State of Louisiana. *See Will*, 491 U.S. at 71. In that regard, the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be

expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986).

However, the State of Louisiana has not done so in this case. To the contrary, La. Rev. Stat. Ann.

§ 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than

a Louisiana state court."

Consequently, the doctrine of absolute judicial immunity and the Eleventh Amendment bar

McCloud's suit for injunctive relief and monetary damages against the Judge Coady. The claims

must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for

seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

**B.**      **District Attorney Joey Aubrey and St. Tammany Parish**

McCloud has also named St. Tammany Parish Assistant District Attorney Joey Oubrey

("Oubrey") as a defendant. McCloud alleges that Oubrey argued before Judge Coady to have him

remain in jail without bond pending trial. Oubrey is immune from suit of this kind. To the extent

he is named in his official capacity, McCloud has not alleged a claim against him or St. Tammany

Parish.

The Supreme Court has recognized that there are some officials whose duties require a full

exemption from liability. Such officials include prosecutors in the performance of their official

functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927).

In order to determine whether a government official is absolutely immune from suit, the proper focus

should not be the identity of the party claiming the immunity, but rather, his "role in the context of

the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches

to particular official functions, not to particular offices. *Forrester*, 484 U.S. at 229; *see also O'Neal*

*v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

McCloud's claims against Oubrey are intimately associated with the judicial phase of the criminal process. His challenge is to the prosecution of the case itself and Oubrey's arguments before the state court. Oubrey is clearly entitled to absolute immunity from suit for his role in prosecuting the charges against McCloud. The claims against Oubrey must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

To the extent McCloud intended to name Oubrey in his official capacity, his claims are also frivolous. Suit against a prosecutor named in his official capacity is suit against the entity he represents; in this case, that is the Parish of St. Tammany. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999);[2] *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A District Attorney, as a representative of the Parish, could be liable under § 1983 only if his actions were in execution of an unconstitutional parish policy or custom which inflicted injury or damage upon the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). McCloud would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the

---

[2]In *Burge*, the Fifth Circuit made clear that in Louisiana, a district attorney is not entitled to Eleventh Amendment Immunity afforded to the State. Instead, the district attorney is a functionary of the local parish government, whose liability is to be addressed under *Monell*, discussed *infra*. *Id.*

proximate cause of his injury or damage.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds, Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).  McCloud, however, has not asserted that the alleged errors in the prosecution of his case were the result of an unconstitutional policy or custom of St. Tammany Parish as contemplated by *Monell*.

**C.     Sheriff Jack Strain**

McCloud  has also named Sheriff Jack Strain as a defendant in this matter.  However, he has not included any allegations against this defendant which would demonstrate liability under §1983.

A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).  McCloud has not alleged that Sheriff Strain was personally involved in his arrest or the prosecution about which he complains.

A supervisor, like Sheriff Strain, may be liable under § 1983 "without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987).  An official policy includes a policy statement or decision that is adopted and promulgated by the official with policy-making authority.  *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir.1992).  Even an isolated decision made in the context of a particular situation can be a policy, if the decision was made by an authorized policymaker in whom final authority rested regarding the action ordered.  *City of St. Louis v.*

*Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). In this case, McCloud has made no such allegation about the Sheriff. For the foregoing reasons, the claims against Sheriff Strain, are frivolous and otherwise fails to state claim for which relief can be granted under § 1983.

In addition, to the extent McCloud intended to name Sheriff Strain in his official capacity, it would be considered suit against St. Tammany Parish. *Son v. Frasier*, 71 F. App'x 304, 305 (5th Cir. 2003) (*citing Bennett v. Pippin*, 74 F.3d 578, 584-85 (5th Cir. 1996)); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). However, as noted above McCloud has not asserted any claim that his arrest or prosecution was the result of an unconstitutional policy or custom of St. Tammany Parish as contemplated by *Monell*.

**D.** **Penny Lynch**

McCloud also named as a defendant Penny Lynch, the alleged victim who caused the sexual assault charges to be brought against him. McCloud's claims against her are frivolous since Lynch is not a state actor subject to liability under § 1983.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Under § 1983, the plaintiff must not only prove that a constitutional violation occurred, but also that the defendant's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed

with the authority of state law." *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984) (*quoting United States v. Classic*, 313 U.S. 299, 326 (1941)).

Nothing in the instant case would establish that Lynch was acting under color of state law. *See Reinhart v. Bonanno*, No. 86-1867, 1986 WL 4804, at *1 (E.D. Pa. Apr. 21, 1986). Instead, McCloud alleges that Lynch, as the victim, caused criminal charges to be brought against him. This clearly was not done under color of state law, but was a matter of private conduct, not reached by § 1983. *See District of Columbia v. Carter*, 409 U.S. 418, 424 (1973).

McCloud's allegations do not suggest, even under a broad reading, that Lynch acted with a state authority to make a state action out of her private conduct of bringing sexual battery charges. *See Dennis v. Sparks*, 449 U.S. 24 (1980). Without any evidence of state action, McCloud has no § 1983 claim against this defendant. His claims, at best, are ones under state law which are not urged here. *See, e.g.*, *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Accordingly, the Court finds that McCloud's § 1983 claims against Lynch should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant § 1915(e) and §1915A.

## IV.     Remaining Claims Against Detective Jarus Have Prescribed

The remaining defendant is Detective Wanda Jarus, whom McCloud claims swore out a false affidavit in support of the arrest warrant based on the sexual battery charge. McCloud makes clear in his complaints that he was arrested for that charge on April 27, 2006. He also indicates that he was acquitted on the charge after trial on November 26, 2007.

Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (§ 1983 actions are best

9

characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)

(citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).  In Louisiana, personal injury claims

are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from

the date of injury or damage.[3]  *See Jacobsen*, 133 F.3d at 319 (citing  *Elzy v. Roberson*, 868 F.2d

793, 794 (5th Cir. 1989)).

    For purposes of calculating the limitations period, a § 1983 cause of action accrues when the

plaintiff knows or has reason to know of the injury which forms the basis of his action.  *Wallace*,

549 U.S. at 388; *Jacobsen*, 133 F.3d at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file

suit and obtain relief."  *Wallace*, 549 U.S. at 388 (citations omitted).

    In the context of a § 1983 false arrest claim, like the one here, the Supreme Court has held

that a plaintiff could "file[] suit as soon as the allegedly wrongful arrest occurred."  *Id*.  In *Wallace*,

the Court resolved that the date of arrest becomes the accrual date for such a claim.  The Court went

on in *Wallace* to clarify the parameters of the tort claims of false imprisonment and wrongful

prosecution, like those asserted here by the plaintiff:[4]

>     Reflective of the fact that false imprisonment consists of detention without
> legal process, a false imprisonment ends once the victim becomes held pursuant to
> such process-when, for example, he is bound over by a magistrate or arraigned on
> charges.  Thereafter, unlawful detention forms part of the damages for the "entirely
> distinct" tort of malicious prosecution, which remedies detention accompanied, not
> by absence of legal process, but by wrongful institution of legal process.  "If there
> is a false arrest claim, damages for that claim cover the time of detention up until

---

[3]Article 3492 provides that: "[d]elictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.  It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

[4]The Court notes that the Supreme Court refused to consider whether a malicious prosecution claim can be urged under § 1983 and instead addressed the claim as one under state law.

issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date [ ].

*Id.* at 389-90 (citations and footnote omitted).

Considering the foregoing, McCloud's claims for false arrest, false imprisonment, slander, malicious prosecution, denial of due process, and resultant pain and suffering and other damages, arising out of his arrest and prosecution for the sexual battery, accrued on or before May 18, 2006, when he was booked on the charges in St. Tammany Parish. McCloud in fact concedes in his complaint that he fought the charges for about 20 months before his acquittal on November 26, 2007. Applying the appropriate statute of limitations, he had one year from the accrual date, or until May 18, 2007, to file these claims and he failed to do so.

The clerk of this federal court filed McCloud's complaint on February 2, 2009, when his pauper application was granted.[5] In the prisoner context, however, the date prison officials receive the complaint from the plaintiff for mailing to the court is the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). McCloud signed his complaint on December 27, 2008, which is presumed to be the earliest date on which he could have given it to prison officials for mailing. This date is over one year after McCloud's claims accrued on May 18, 2007. The Court also notes that the filing date was also over one year after his acquittal on November 26, 2007.

McCloud's complaint against Detective Jarus is deemed filed on December 27, 2008, and it was not timely submitted to the Court prior to expiration of the limitations periods applicable to

---

[5]Rec. Doc. Nos. 1, 3.

the claims raised herein or those in the amended complaint. McCloud's complaint against Jarus, whether brought in her individual or official capacity,[6] is untimely and must be dismissed as frivolous, or otherwise for failure to state a claim for which relief can be granted pursuant to § 1915 and § 1915A.

## V.     Recommendation

It is therefore **RECOMMENDED** that Ricky McCloud's § 1983 claims against the defendants, Detective Wanda Jarus, District Attorney Joey Oubrey, Judge Martin E. Coady, Penny Lynch, St. Tammany Parish, and Sheriff Jack Strain, Jr., be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and as applicable, 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 17th day of November, 2009.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]To the extent these claims were brought against Jarus in her official capacity, the Court has already resolved that McCloud has not stated a non-frivolous claim against St. Tammany Parish, the entity she would represent. *Monell*.